| | | |
|---|---|---|
| **ANTHONY FIRESTINE, #455139,** | ) | |
| **BILLY SEALS, #5450,** | ) | |
| **MONTRAE HARDY, #11036,** | ) | |
| **DWAYNE BECK, #441070,** | ) | |
| **JOSEPH TUNSTALL, #22697,** | ) | |
| **DAVID SCHAUB, #315207,** | ) | |
| **and STEVEN JOHNSON, #430881,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| vs. | ) | Case No. 17-cv-00564-JPG |
| | ) | |
| **ST. CLAIR COUNTY JAIL,** | ) | |
| **PHILLIP McLAUREN,** | ) | |
| **SGT. BOUJACK,** | ) | |
| **SGT. NICHOLS,** | ) | |
| **SGT. MASSEO,** | ) | |
| **SGT. COOK,** | ) | |
| **R. SMITH,** | ) | |
| **ARAMARK,** | ) | |
| **MARY DAVIS,** | ) | |
| **And ST. CLAIR COUNTY** | ) | |
| **MEDICAL STAFF,** | ) | |
| | ) | |
| **Defendants.** | ) | |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court for case management. The Complaint was filed by seven St. Clair County Jail ("Jail") inmates, including Anthony Firestine, Billy Seals, Montrae Hardy, Dwayne Beck, Joseph Tunstall, David Schaub, and Steven Johnson. Plaintiffs filed this civil rights action *pro se* pursuant to 42 U.S.C. § 1983. In the Complaint, Plaintiffs claim that they have been subjected to unconstitutional conditions of confinement at St. Clair County Jail and been denied access to any meaningful grievance process. (Doc. 1, pp. 5-6). Together, they seek monetary damages and injunctive relief. (Doc. 1, p. 7).

Plaintiff Firestine signed the Complaint, along with all six of his co-plaintiffs. (Doc. 1, pp. 7-9). All seven individuals also submitted a single Motion for Leave to Proceed *in forma pauperis* ("IFP Motion"), but excluded a certification page as well as a certified copy of each inmate's trust fund account statement for the six month period immediately preceding this action (i.e. covering the period from November 30, 2016 through June 1, 2017). *Each plaintiff* was required to submit a *separate* IFP Motion, along with a certified copy of his trust fund statement for the relevant time period. Each Plaintiff must resubmit a properly completed IFP Motion, along with a certified copy of his trust fund statement, or pay the full $400.00 filing fee for this action according to the deadline and instructions in the below disposition. Failure to do so will result in the dismissal of that plaintiff from this action. However, the obligation to pay the filing fee shall survive such dismissal.

Under the circumstances, the Court deems it necessary to address several other preliminary matters as well before screening this case pursuant to 28 U.S.C. § 1915A.

**Group Litigation by Multiple Prisoners**

Plaintiffs may bring their claims jointly in a single lawsuit if they so desire. However, the Court must admonish them as to the consequences of proceeding in this manner including their filing fee obligations, and give them the opportunity to withdraw from the case or sever their claims into individual actions.

In *Boriboune v. Berge*, 391 F.3d 852 (7th Cir. 2004), the court addressed the difficulties in administering group prisoner complaints. District courts are required to accept joint complaints filed by multiple prisoners *if* the criteria of permissive joinder under Federal Rule of Civil Procedure 20 are satisfied. Rule 20 permits plaintiffs to join together in one lawsuit if they assert claims "arising out of the same transaction, occurrence, or series of transactions or

occurrences and if any question of law or fact common to these persons will arise in the action." Nonetheless, a district court may turn to other civil rules to manage a multi-plaintiff case. If appropriate, claims may be severed pursuant to Rule 20(b), pretrial orders may be issued providing for a logical sequence of decision pursuant to Rule 16, parties improperly joined may be dropped pursuant to Rule 21, and separate trials may be ordered pursuant to Rule 42(b). *Boriboune*, 391 F.3d at 854.

In reconciling the Prisoner Litigation Reform Act with Rule 20, the Seventh Circuit determined that joint litigation does not relieve any prisoner of the duties imposed upon him under the Act, including the duty to pay the full amount of the filing fees, either in installments or in full if the circumstances require it. *Id.* In other words, each prisoner in a joint action is required to pay a full civil filing fee, just as if he had filed the suit individually.

The Circuit noted that there are at least two other reasons a prisoner may wish to avoid group litigation. First, group litigation creates countervailing costs. Each submission to the Court must be served on every other plaintiff and the opposing parties pursuant to Federal Rule of Civil Procedure 5. This means that if there are three plaintiffs, the plaintiffs' postage and copying costs of filing motions, briefs or other papers in the case will be three times greater than if there was a single plaintiff.

Second, a prisoner litigating on his own behalf takes the risk that "one or more of his claims may be deemed sanctionable under Federal Rule of Civil Procedure 11." *Boriboune*, 391 F.3d at 854-55. According to the Circuit, a prisoner litigating jointly assumes those risks for all of the claims in the group complaint, whether or not they concern him personally. Furthermore, if the Court finds that the complaint contains unrelated claims against unrelated defendants, those unrelated claims may be severed into one or more new cases. If that

severance of claims occurs, each Plaintiff will be liable for another full filing fee for each new case. Plaintiffs may wish to take into account this ruling in determining whether to assume the risks of group litigation in the federal courts of the Seventh Circuit.

Because not every prisoner is likely to be aware of the potential negative consequences of joining group litigation in federal courts, the Circuit suggested in *Boriboune* that district courts alert prisoners to the individual payment requirement, as well as the other risks prisoner pro se litigants face in joint pro se litigation, and "give them an opportunity to drop out." *Id.* at 856. Therefore, in keeping with this suggestion, the Court offers all Plaintiffs, other than Plaintiff Firestine, whom it designates as the "lead" Plaintiff in this case, an opportunity to withdraw from this litigation before the case progresses further. Each Plaintiff may wish to take into consideration the following points in making his decision:

- He will be held legally responsible for knowing precisely what is being filed in the case on his behalf.

- He will be subject to sanctions under Federal Rule of Civil Procedure 11 if such sanctions are found warranted in any aspect of the case.

- He will incur a strike if the action is dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted.

- In screening the complaint, the Court will consider whether unrelated claims should be severed and, if it decides severance is appropriate, he will be required to prosecute his claims in a separate action and pay a separate filing fee for each new action.

- Whether the action is dismissed, severed, or allowed to proceed as a group complaint, he will be required to pay a full filing fee, either in installments or in full, depending on whether he qualifies for indigent status under §§ 1915(b) or (g).[1]

---

[1] Effective May 1, 2013, the filing fee for a civil case was increased to $400.00, by the addition of a new $50.00 administrative fee for filing a civil action, suit, or proceeding in a district court. See Judicial Conference Schedule of Fees - District Court Miscellaneous Fee Schedule, 28 U.S.C. § 1914, No. 14.

In addition, if Plaintiffs desire to continue this litigation as a group, any proposed amended complaint, motion, or other document filed on behalf of multiple Plaintiffs must be signed by each of the Plaintiffs. As long as the Plaintiffs appear without counsel in this action, each Plaintiff must sign documents for himself. *See Lewis v. Lenc-Smith Mfg. Co.*, 784 F.2d 829, 831 (7th Cir. 1986); FED. R. CIV. P. 11.[2] A non-attorney cannot file or sign papers for another litigant. Plaintiffs are **WARNED** that future group motions or pleadings that do not comply with this requirement shall be stricken pursuant to Rule 11(a).

### Disposition

**IT IS HEREBY ORDERED** that each named Plaintiff (other than Plaintiff Firestine) shall advise the Court in writing **on or before July 5, 2017**, whether he wishes to continue as a Plaintiff in this group action. If, by that deadline, any non-lead Plaintiff advises the Court that he does ***not*** wish to participate in the action, he will be dismissed from the lawsuit and will *not* be charged a filing fee for this action.[3] **This is the *only* way to avoid the obligation to pay a filing fee for this action.**

**IT IS ALSO ORDERED** that if any Plaintiff wants to pursue his claims individually in a separate lawsuit, he shall so advise the Court in writing, and his claims shall be severed into a new action where a filing fee *will* be assessed.

**IT IS FURTHER ORDERED** that each Plaintiff who chooses to continue as a Plaintiff,

---

A litigant who is granted IFP status, however, is exempt from paying the new $50.00 fee and must pay a total fee of $350.00.

[2] Rule 11 states, in pertinent part: "Every pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented." FED. R. CIV. P. 11(a). Moreover, a prisoner bringing a *pro se* action cannot represent a class of plaintiffs. *See Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (holding it would be plain error to permit imprisoned *pro se* litigant to represent his fellow inmates in a class action).

[3] As the lead Plaintiff, Firestine may choose to voluntarily dismiss or sever his claims, but may not escape his obligation to pay the filing fee for this action, which was incurred when the action was filed. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467-68 (7th Cir. 1998).

either in this action or in a severed individual case, is hereby **ORDERED** to pay his filing fee of $400.00 or file a *separate* properly completed IFP Motion **on or before July 5, 2017**. When a Plaintiff files an IFP Motion, the Court must review that Plaintiff's trust fund account statement for the six month period immediately preceding the filing of this action. Thus, Plaintiff must have the Trust Fund Officer at his facility complete the attached certification and provide a copy of his trust fund account statement (or institutional equivalent) for the period 11/30/2016 to 5/30/17. This information should be mailed to the Clerk of Court at the following address: United States District Court – Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois 62201.

Failure to submit a properly completed IFP Motion does *not* relieve that Plaintiff of the obligation to pay a filing fee, unless he also submits timely written notice that he does not intend to proceed with the action. **Any Plaintiff who simply does not respond to this Order on or before July 5, 2017,** *will* **be obligated to pay the full filing fee and will also be dismissed from this action for want of prosecution and/or for failure to comply with a court order under Federal Rule of Civil Procedure 41(b).**

In addition, Plaintiffs are again **WARNED** that future group motions or pleadings that do not comply with the group pleading requirements discussed herein shall be stricken pursuant to Rule 11(a).

The Clerk is **DIRECTED** to *mail* a copy of this order to each of the named Plaintiffs, and to enclose a blank form IFP Motion and trust fund account certification form with each order.

Plaintiffs are **ADVISED** that the complaint is currently awaiting preliminary review by the Court pursuant to 28 U.S.C. § 1915A, and it has not yet been served on the Defendants. Further action by Plaintiffs is required before the Court can complete its preliminary review of

this matter under 28 U.S.C. § 1915A.  When this review is completed, a copy of the Court's order will be forwarded to each Plaintiff who remains in the action.

Plaintiffs are further **ADVISED** that each of them is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate a Plaintiff's whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: June 2, 2017**

> *s/J. Phil Gilbert*
> United States District Judge