IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTHONY FIRESTINE, #455139, | ) |
| BILLY SEALS, #5450, | ) |
| MONTRAE HARDY, | ) |
| DWAYNE BECK, #441070, | ) |
| JOSEPH TUNSTALL, #B83393, | ) |
| DAVID SCHAUB, #315207, | ) |
| and STEVEN JOHNSON, #430881, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 17-cv-00564-JPG |
| | ) |
| ST. CLAIR COUNTY JAIL, | ) |
| PHILLIP McLAUREN, | ) |
| SGT. BOUJACK, | ) |
| SGT. NICHOLS, | ) |
| SGT. MASSEO, | ) |
| SGT. COOK, | ) |
| R. SMITH, | ) |
| ARAMARK, | ) |
| MARY DAVIS, | ) |
| and ST. CLAIR COUNTY | ) |
| MEDICAL STAFF, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court for case management and for identification of the plaintiffs who will proceed with group litigation in this case. On May 30, 2017, several inmates at St. Clair County Jail ("Jail") filed a civil rights action pursuant to 42 U.S.C. § 1983 in this District. (Doc. 1). They challenged various conditions of their confinement at the Jail. (Doc. 1, pp. 5-6). The Complaint was signed by all seven plaintiffs, including Anthony Firestine, Billy Seals, Montrae Hardy, Dwayne Beck, Joseph Tunstall, David Schaub, and Steven Johnson. (Doc. 1, pp. 7-9).

1

On June 2, 2017, this Court entered an Order pursuant to *Boriboune v. Berge*, 391 F.3d 852 (7th Cir. 2004). (Doc. 4). In the *Boriboune* Order, the Court designated Plaintiff Firestine as the "lead plaintiff" in this action. *Id*. The Court warned all of the plaintiffs about the risks, obligations, and costs associated with group litigation. *Id*. With the exception of Lead Plaintiff Firestine, each plaintiff was then given an opportunity to withdraw from the case or sever his claims into individual actions. (Doc. 4). Any plaintiff who opted to proceed in a separate action was advised that his claims would be severed into a new case and subject to a filing fee in the new action, instead of the instant case. *Id*. The deadline for responding to the *Boriboune* Order was July 5, 2017. *Id*. Plaintiffs were informed that the *only* way to avoid the obligation to pay a filing fee for this action was to request dismissal from this action in writing by the deadline. *Id*. Plaintiffs were explicitly warned that "**[a]ny Plaintiff who simply does not respond to this Order on or before July 5, 2017, *will* be obligated to pay the full filing fee and will also be dismissed from this action for want of prosecution and/or for failure to comply with a court order under Federal Rule of Civil Procedure 41(b)."** (Doc. 4, p. 6) (emphasis added).

On June 21, 2017, Plaintiffs Seals, Hardy, Beck, and Tunstall filed separate "Declarations" that were each docketed as a "Declaration/Response." (Docs. 13-16). No two declarations were alike. *Id*. In each, the plaintiffs complained about different conditions at the Jail. *Id*. Some of the complaints were generalized, while others were specific to the particular plaintiff. *Id*. The declarations shared one thing in common, *i.e.*, no plaintiff mentioned the Court's *Boriboune* Order or responded to it by confirming his desire to proceed with group litigation or to proceed in a separate action. *Id*.

In fact, the Court received no response to the *Boriboune* Order from any of the plaintiffs on or before July 5, 2017. The only plaintiff who filed any response at all was Plaintiff Seals,

2

who submitted his "Motion to Sever Case" more than three weeks after the deadline expired. (Doc. 18). In the Motion, he failed to explain why his response was late or request an extension of the deadline for filing it. *Id*. The Motion to Sever Case shall therefore be denied, and Plaintiff Seals shall be treated like all other plaintiffs who failed to comply with the *Boriboune* Order by responding to it on or before July 5, 2017.

## Disposition

**IT IS HEREBY ORDERED** that this action shall proceed only as to Lead Plaintiff **ANTHONY FIRESTINE**.

**IT IS FURTHER ORDERED** that Plaintiffs **BILLY SEALS, MONTRAE HARDY, DWAYNE BECK, JOSEPH TUNSTALL, DAVID SCHAUB,** and **STEVEN JOHNSON** are **DISMISSED** as plaintiffs in this action based on their failure to timely respond to the *Boriboune* Order and for failure to prosecute their claims. (Doc. 4, p. 6) (citing FED. R. CIV. P. 41(b)).

**IT IS ORDERED** that Plaintiff Billy Seals' Motion to Sever Case (Doc. 18) is **DENIED** for failure to comply with the deadline in the *Boriboune* Order and for failure to prosecute his claims. (Doc. 4, p. 6) (citing FED. R. CIV. P. 41(b)).

**IT IS ORDERED** that Plaintiff Dwayne Beck's Motion for Recruitment of Counsel (Doc. 7) is **DENIED** as **MOOT**.

**IT IS ALSO ORDERED** that all plaintiffs became obligated to pay the filing fee for this action at the time they filed it, and the obligation survives their dismissal from this action. Each plaintiff filed a Motion for Leave to Proceed *in forma pauperis* (Docs. 2, 6, 8, 9, 10, 12), which shall be addressed in separate court orders.

The Clerk is **DIRECTED** to modify the case caption as follows: **ANTHONY FIRESTINE, Plaintiff v. ST. CLAIR COUNTY JAIL, PHILLIP McLAUREN, SGT.**

**BOUJACK, SGT. NICHOLS, SGT. MASSEO, SGT. COOK, R. SMITH, ARAMARK, MARY DAVIS,** and **ST. CLAIR COUNTY MEDICAL STAFF, Defendants.**

This case is still subject to preliminary review pursuant to 28 U.S.C. § 1915A. No service shall be ordered in the present case until the § 1915A review is completed.

**IT IS FURTHER ORDERED** that Plaintiff Firestine is **GRANTED** leave to file a "First Amended Complaint" in this case **on or before November 29, 2017**, *in order to focus this case on claims that pertain only to him*. Should Plaintiff fail to file his First Amended Complaint within the allotted time, this action may be dismissed for failure to comply with a court order or for failure to prosecute his claims. FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994).

Should Plaintiff decide to file an amended complaint, it is strongly recommended that he use the forms designed for use in this District for such actions. He should be careful to label the pleading, "First Amended Complaint," and he must list *this* case number (Case No. 17-00564-JPG) on the first page. To enable Plaintiff to comply with this Order, the Clerk is **DIRECTED** to mail Plaintiff Firestine a blank civil rights complaint form.

In the amended complaint, Plaintiff must, at a minimum, describe the actions taken by each defendant that resulted in the deprivation of his federal constitutional rights. He should attempt to include the facts of his case in chronological order, inserting each defendant's name where necessary to identify the actors. Plaintiff should refrain from filing unnecessary exhibits or including any other unrelated claims in his amended complaint. **Claims against different groups of defendants that are found to be unrelated to one another will be further severed into new cases, new case numbers will be assigned, and additional filing fees will be assessed.**

Plaintiff is **ADVISED** that *this* dismissal shall not count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

An amended complaint supersedes and replaces the original Complaint, rendering the original void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. Finally, the First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: October 31, 2017**

*s/J. Phil Gilbert*
United States District Judge